IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEO CALDWELL,**  Case Number 5:14 CV 1546

    Petitioner,  Judge Sara Lioi

    v.  Magistrate Judge James R. Knepp, II

**JASON BUNTING, WARDEN**[1]

    Respondent.  REPORT AND RECOMENDATION

### INTRODUCTION

*Pro se* Petitioner Leo Caldwell, a prisoner in state custody, filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Kimberly Clipper filed a Return of Writ (Doc. 6) with attached exhibits, and Petitioner filed a Traverse[2] (Doc. 9). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated August 13, 2014). For the reasons discussed below, the undersigned recommends the Petition be denied.

### FACTUAL BACKGROUND

For purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, that the state court's factual findings were erroneous. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524,

---

1. Jason Bunting is currently the Warden of Marion Correctional Institution, and thus, pursuant to Rule 2 of Rules Governing Section 2254 is the proper Respondent.
2. Traverse is now termed a Reply. *See* Advisory Committee Notes (1976) to Rule 5 of Rules Governing Section 2254.

530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Ohio's Ninth District Court of Appeals set forth the following findings of fact:

> Leo Caldwell appeals his conviction of and sentence for one count of aggravated murder, one count of attempted aggravated murder, and two counts of having a weapon under disability. We affirm the convictions.
>
> On July 19, 1989, Robert Alexander and Leon Keyes were shot while standing on a street corner. Alexander survived, but Keyes died. On August 12, 1989, Ginger Short was shot and killed in her apartment. On October 31, 1989, Mark Wooldridge was shot in his apartment. On January 4, 1990, Brian Hamilton was shot and killed at the apartment of his girlfriend. Caldwell was arrested and charged with the following:
>
> *Count 1* Aggravated murder of Brian Hamilton.
>
>> Specification 1 Possession of a firearm.
>>
>> Specification 2 The killing of Brian Hamilton by this defendant was part of a course of conduct by this defendant involving the purposeful killing or attempt to kill two or more persons.
>>
>> Specification 3 The victim was a witness to an offense who was purposely killed to prevent his testimony in any criminal proceeding.
>
> *Count 2* Having a weapon while under a disability on January 4, 1991.
>
>> Specification 1 Previous crime of violence.
>>
>> Specification 2 Possession of a firearm.
>
> *Count 3* Aggravated Murder of Ginger Short.
>
>> Specification 1 Course of conduct.
>>
>> Specification 2 Possession of a firearm.
>
> *Count 4* Having a weapon under disability on August 12, 1989.
>
>> Specification 1 Previous crime of violence.
>>
>> Specification 2 Possession of a firearm.
>
> *Count 5* Aggravated murder of Leon Keyes.

    Specification 1 Course of conduct.

    Specification 2 Possession of a firearm.

*Count 6* Attempted aggravated murder of Robert Alexander.

    Specification 1 Possession of a firearm.

*Count 7* Having a weapon under disability on July 19, 1989.

    Specification 1 Previous crime of violence.

    Specification 2 Possession of a firearm.

*Count 8* Attempted aggravated murder of Mark Wooldridge.

    Specification 1 Possession of a firearm.

*Count 9* Having a weapon while under a disability on October 31, 1989.

    Specification 1 Previous crime of violence.

    Specification 2 Possession of a firearm.

The jury found Caldwell not guilty of counts three, four, five, six, and seven. The jury found Caldwell guilty of the aggravated murder of Brian Hamilton (Count 1), having a weapon while under disability (Counts 2 and 9), and the attempted aggravated murder of Mark Wooldridge. In each of the above counts, the jury found that Caldwell had a firearm on or about his person or under his control. The jury also found Caldwell guilty of the course of conduct specification contained in Count 1.

After the penalty phase of the trial, the jury found that the mitigating factors outweighed the aggravating circumstances, thereby eliminating the possibility of the death penalty. The trial court adopted the jury's recommendation that Caldwell be sentenced to life imprisonment with eligibility for parole after thirty years for the aggravated murder of Hamilton. The court sentenced Caldwell to seven to twenty-five years for the attempted aggravated murder of Wooldridge. It ordered that the above sentences be served consecutively. The court sentenced Caldwell to three to five years for the two counts of having a weapon under disability, with the sentences to be served concurrently with each other and with Count 8. For each of the firearm specifications, the court ordered that Caldwell serve three years, with the four three-year terms to be served consecutively.

(Ex. 1, Doc. 6, at 37-39).

**PROCEDURAL BACKGROUND**

The procedural history was not disputed by the Petitioner and was accurately summarized in Respondent's brief; therefore, it is incorporated herein with only minor changes. (Doc. 6, at 4-18).

*State Trial Court*

Petitioner was indicted on January 16, 1990, by the Summit County Grand Jury and a supplemental indictment was filed on February 1, 1990, for the offenses previously noted above in the factual history. (Exs. 2-4, Doc. 6, at 54-81).

On May 24, 1990, the jury returned its verdicts, and Petitioner, subsequent to a mitigation hearing, was sentenced on July 5, 1990, to an aggregate term of 30-years to life imprisonment. (Ex. 5, Doc. 6, at 82-85).

*Direct Appeal*

Petitioner, through new counsel, filed a timely notice of appeal on August 2, 1990, from the judgment of conviction. (Ex. 2, Doc. 6). The appeals court, subsequent to the State filing an appellee's brief, denied Petitioner's 30 assignments of error (none of which involved the claim presented in the instant habeas petition)[3], and affirmed the conviction on December 4, 1991. (*See* Ex. 1, Doc. 6).

Counsel filed a timely notice of appeal in the Ohio Supreme Court on January 22, 1992, with a jurisdictional memorandum.[4] (Ex. 6, Doc. 6). The State opposed jurisdiction on March 23,

---

3. Petitioner does not dispute that the assignments of error raised in his direct appeal are not at issue in this Petition. Thus, the Court will not list the 30 assignments of error raised therein for purposes of brevity. (*See* Doc. 9, at 2).

4. Respondent has not provided copies of the notice of appeal, jurisdictional memorandum, response to jurisdiction, and the Entry in OSC 1992-0139, because the documents are unavailable and have been discarded by the Ohio Supreme Court as part of its normal records retention policy and as part of the Attorney General's normal records retention policy. However, those documents were filed as Return Exhibits F through I in Caldwell's prior federal habeas action. *See* R. 12, Return, *Caldwell v. Baker*, N.D. Ohio No. 5:94-cv-1363. All of the documents

1992. (Ex. 6, Doc. 6). The Ohio Supreme Court dismissed the appeal on May 6, 1992. (Ex. 6, Doc. 6). There was no further appeal from that judgment.

*First Habeas Petition*

On July 1, 1994, this Court received a *pro se* habeas petition from Petitioner entitled *Caldwell v. Baker*, 5:94-cv-1363. (Ex. 7, Doc. 6). An amendment to the petition was filed on August 18, 1994. Petitioner essentially repeated his 30 assignments of error as Grounds for Relief in habeas, again, none of which involve the claim he now raises in the instant petition.[5]

Subsequent to a Return by Respondent (R. 12, Ex. 7, Doc. 6) and a Traverse (R. 13, Ex. 7, Doc. 6) by Petitioner, Magistrate Judge Gallas recommended on January 21, 1998 that the petition be denied. (R.22, Ex. 7, Doc. 6) Subsequent to objections, that report and recommendation was adopted by the court, the action was dismissed, and a certificate of appeal denied, on March 27, 1998. (R. 27, Ex. 7, Doc. 6). Later, the Sixth Circuit Court of Appeals denied Petitioner a certificate of appeal on September 18, 1998. (R. 32, Ex. 7, Doc. 6). The United States Supreme Court denied Petitioner's request for certiorari on May 3, 1999. (R. 34, Ex. 7, Doc. 6).

*First State Habeas Petition*

On October 2, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus in his direct appeal case, claiming the first indictment was not signed by the Grand Jury Foreperson as required by R.C. § 2939.20 and Ohio Crim.R. 6(F). (Exs. 8, 9, Doc. 6).

On November 6, 2012, the appeals court struck the petition from the record, finding that the appeals court was precluded from considering the petition in the direct appeal. (Ex. 10, Doc. 6). There was no further appeal from that judgment.

---

from the prior federal habeas action, which are in the federal court's archives, are incorporated herein by reference.
5. Again, for purposes of brevity the asserted grounds for relief will not be reproduced herein, but are incorporated by reference to the Respondent's Return of Writ. (Doc. 6).

*Second State Habeas Petition*

On December 5, 2012, Petitioner filed a *pro se* petition for writ of habeas corpus in the Lorain County Common Pleas Court. (Exs. 11, 12, Doc. 6). In that petition, he apparently argued, again, that the Summit County trial court lacked jurisdiction "because no such indictment was ever presented to, or considered by the Grand Jury," in violation of Ohio Crim.R. 6(F) and R.C. § 2939.20 rendering his judgment of conviction to be void. (Ex. 12, Doc. 6). The Lorain County Prosecutor filed a Motion to Dismiss on January 29, 2013. (Ex. 11, Doc. 6).  On February 6, 2013, the Lorain County Sheriff filed its Motion to Dismiss. (Ex. 11, Doc. 6).  On February 12, 2013, the Warden filed his Motion to Dismiss. (Ex. 13, Doc. 6). On February 19, 2013, Petitioner filed his Opposition to the Warden's motion. On February 26, 2013, the trial court granted the Motions to Dismiss. (Ex. 14, Doc. 6). There was no further appeal from that judgment.

*Motion to Dismiss and/or Vacate the Judgment of Conviction*

On April 11, 2013, Petitioner filed a *pro se* motion to dismiss and/vacate the judgment of conviction, claiming that the first indictment was not signed, thereby depriving the trial court of subject matter jurisdiction. (Ex. 15, Doc. 6). The State filed its Opposition to the motion on April 22, 2013. (Ex. 16, Doc. 6). On May 2, 2013, Petitioner filed a Reply brief. (Ex. 17, Doc. 6).

On June 13, 2013, the trial court denied the motion on the basis that the motion was untimely. (Ex. 18, Doc. 6). Petitioner filed a timely *pro se* notice of appeal on July 1, 2013, from the motion judgment. (Exs. 19, 20, Doc.  6).

His July 11, 2013, appellant's brief presented the following assignment of error:

The trial court committed an error at law thereupon abusing its discretion by denying Petitioner's motion to dismiss and/or vacate the [January 16, 1990] indictment for lack of subject matter jurisdiction into an untimely post-conviction petition in violation of his 4th, 5th, and 6th amendment rights to the U.S. Constitution, R.C. § 2939.20, and Crim.R. 6.

6

(Exs. 21, 22, Doc. 6). The State filed an appellee brief. (Ex. 23, Doc. 6). Petitioner filed a Response. (Ex. 24, Doc. 6). The appeals court affirmed the trial court judgment on March 19, 2014, finding the post-conviction petition by Petitioner was untimely and the claim nonetheless lacked merit. (*See* Ex. 25, Doc. 6).

Petitioner filed a timely *pro se* notice of appeal on April 16, 2014, from the judgment. (Exs. 25, 26, Doc. 6). In the *pro se* jurisdictional memorandum filed that same date, Petitioner presented the lone proposition of law: "Whether, the absence of the Grand Jury Foreperson's signature on an indictment renders said indictment void AB INITIO as well all proceedings as a result thereof?" (Ex. 27, Doc. 6).

The Supreme Court of Ohio declined jurisdiction on June 11, 2014. (Ex. 28, Doc. 6). There was no further appeal from that judgment.

## FEDERAL HABEAS CORPUS

On June 25, 2014, Petitioner filed the instant Petition for a writ of habeas corpus challenging his 1990 judgment of conviction by raising this single ground for relief:

> Ground One: The trial court had no subject matter of jurisdiction [due] to the absence of the grand jury foreperson's signature on Petitioner's indictment renders said indictment void ab [initio] as well as all proceedings as a result thereof. In violation of his 4th, 5th, and 6th amendment right to the U.S. Constitution, also O.R.C. § 2939.20 and Ohio Criminal Rule 6.

(Doc. 1).

The supporting facts for Ground One claim that the January 16, 1990 secret indictment, the first indictment in the case, was void because it was not signed by the Grand Jury Foreperson, thereby depriving the trial court of subject matter jurisdiction.

7

**JURISDICTIONAL BAR**

*Statute of Limitations*

In defense of his Petition, Petitioner alleges this is a challenge to subject matter jurisdiction, exempt from the statute of limitations, which may be raised at any time. (Doc. 9, at 1). As a general statement of law regarding subject matter jurisdiction this may be true; but in terms of an indictment, a defect does not deprive a court of subject matter jurisdiction. *United States v. Cotton*, 535 U.S. 625, 629-631 (2002) (holding defects in indictments do not affect the jurisdiction of federal trial courts to adjudicate cases); *State ex rel Justice v. McMackin*, 53 Ohio St. 3d 72, 73 (1990) ("A grand jury foreman's failure to sign the indictment does not deprive the trial court of jurisdiction."). As both federal and state law clearly state that defective indictments do not jeopardize the jurisdiction of trial courts, Petitioner must prove his second petition is timely pursuant to the statute of limitations laid out below.

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year limitation period for habeas petitions brought by individuals challenging their state court convictions. 28 U.S.C. §2244(d). Under 28 U.S.C. § 2244(d)(1), the limitation period begins to run from the latest of four events:

- (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

- (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Cases become final for purposes of § 2244(d)(1)(A) when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Here, Petitioner's conviction became final on August 2, 1992 – 90 days after the May 6, 1992, direct appeal judgment by the Ohio Supreme Court. (Ex.6, Doc. 6). Since Petitioner's conviction predated the enactment of AEDPA, any petition for writ of habeas corpus would be considered timely if it was filed before April 24, 1997. *Brown v. O'Dea*, 187 F.3d 572 (6th Cir. 1999), *vacated on other grounds*. Petitioner exercised this option and filed his first petition on July 1, 1994, which concluded after the Supreme Court declined *certoriari* on May 3, 1999.

While the statute of limitations can be tolled during the pendency of properly filed collateral actions, *Artuz v. Bennett*, 531 U.S. 4, 8-9 (2000), statutory tolling does not revive the limitations period, it can only serve to pause a clock that has not yet expired. *Allen v. Yurkins*, 366 F.3d 396, 401 (6th Cir. 2004). Furthermore, an application for federal habeas review is not a collateral review that operates to toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Thus, Petitioner's later proceedings in state court do not operate to toll the statute of limitations since they were all filed after the one-year habeas period had expired. *Vroman v. Brigano,* 346 F. 3d 598 (6th Cir. 2003).

Absent equitable tolling, Petitioner's second petition is untimely.

*Equitable Tolling*

"[T]he doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005)(*quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)). Petitioner bears the burden of proving an entitlement to equitable tolling. *See*

9

*Griffin v. Rogers*, 308 F. 3d 647, 653 (6th Cir. 2002). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006).

To be eligible for equitable tolling, a petitioner must prove "1) that he has been pursuing his rights diligently; and 2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005). In the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298 (1995). In these cases, a credible showing of actual innocence operates to excuse procedural bars that would prevent a habeas petition. *See Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005).

Here, Petitioner failed to raise this claim in any of his earlier actions, either in state or federal court; despite the fact that it would be evident on the face of the indictment. His failure to raise this claim until 2012, over a decade after he was presented with the indictment and sentenced on it, demonstrates a lack of due diligence. Furthermore, Petitioner has made no showing of actual innocence.

As such, Petitioner has failed to satisfy his burden in proving his entitlement to equitable tolling and therefore, the Court recommends his Petition be dismissed as time-barred.

## CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the Court recommends the Petition be dismissed.

  s/James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified

10

time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).