UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LEO CALDWELL, | ) | CASE NO. 5:14-CV-1546 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **ORDER OF TRANSFER** |
| JASON BUNTING, Warden,[1] | ) | |
| | ) | |
| RESPONDENT. | ) | |

This matter is currently before the Court in an unusual posture, having apparently not been initially identified as a second or successive petition under 28 U.S.C. § 2244(b)(3), despite having raised a single ground[2] that could have been raised in Caldwell's first petition.[3] The assigned magistrate judge has issued a report and recommendation to dismiss on statute of limitations grounds. (Doc. No. 11 ["R&R"].) Petitioner filed objections. (Doc. No. 15 ["Obj."].) The Court would be inclined to adopt the R&R and overrule the objections were it not for the requirements of § 2244.

---

[1] The warden named in the petition was Kimberly Clipper; however, Jason Bunting is the current warden and is, therefore, the proper respondent.

[2] Caldwell claims that he is entitled to the writ because the trial court lacked jurisdiction due to the fact that the indictment for aggravated murder, on which he was convicted, was not signed by the grand jury foreperson. (Petition at Page ID #3.)

[3] *See Caldwell v. Baker*, Case No. 5:94-cv-1363 (N.D. Ohio). At the time this first petition was filed, on July 1, 1994, the Court was not yet utilizing electronic filing. Therefore, although there is an electronic docket reflecting all the proceedings in the first case, the actual documents are not accessible. According to the docket, the case was dismissed on March 27, 1998. An appeal was taken to the Sixth Circuit (No. 98-3451), and that was dismissed on September 18, 1998; rehearing was denied on December 11, 1998. A petition for certiorari (No. 98-8484) was denied by the Supreme Court on May 3, 1999. Given the length of time since this first petition, and the fact that Caldwell did not identify the first petition as a "related case" on his civil cover sheet (Doc. No. 1-1), it is not surprising that initial screening did not surface the first petition so that it could have been transferred in a more timely manner.

Caldwell did not apply to the Sixth Circuit before proceeding with this second habeas petition. Although the R&R is well-reasoned, and transferring this case to the Court of Appeals is undoubtedly futile, the Court feels constrained to do so since, without an order from the Sixth Circuit authorizing this Court to consider the petition, this Court lacks jurisdiction to entertain it. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (*per curiam*) (district court lacks jurisdiction to review second habeas petition without prior authorization from court of appeals) (cited by *Moreland v. Robinson*, 813 F.3d 315, 322 (6th Cir. 2016)). Under these circumstances, as petitioner concedes (*see* Obj. at 338-39), the Court is required to "transfer the document to [the Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, pursuant to 28 U.S.C. §§ 1631 and 2244(b), the Court transfers this case to the United States Court of Appeals for the Sixth Circuit for further proceedings.

**IT IS SO ORDERED**.

Dated: November 30, 2016

                                                        **HONORABLE SARA LIOI**
                                                        **UNITED STATES DISTRICT JUDGE**